21-61-23 Nation v. Piedmont Independent School District. Mr. Lane. Yes, Your Honor. You may proceed. Good morning. May it please the court. My name is Patrick Lane and I'm here with Grant Scowden, who's my co-counsel in this case, and we represent plaintiffs Russ and Carol Nation and their son, JN, in this case against the Piedmont School District. At the end of the 2016-2017 school year, there was a complaint and warning made by one of the paraprofessionals about the way that Holly Morris, the teacher in that classroom, was treating and talking to the kids in that classroom, including JN. The only evidence in the record that the school district did anything was that the director of special education who received that warning told the assistant principal who was actually moved to a different school the next year. Other than that, there's no evidence that the school district did anything, any sort of investigation or follow-up on it. Counsel, I know you're going in, hate to interrupt, swinging into the facts of this case, but my strongest concern in this case is the jurisdictional issue as to the state claims, which were, I guess, dismissed without prejudice, and as you know, in the 10th Circuit, we've had some case law addressing that, which I'm part of the panel on those, but I would like to hear your reasoning as to why this court, in this case, has jurisdiction of the case. Certainly, Your Honor. As the case law from the circuit has indicated, if there's no way this case, what is left of it, can get back to a federal court, then there is finality for purposes of vesting this court with jurisdiction. In this case, the only claim that was remaining to go to trial was a state law respondeat superior claim against the district for the conduct of Holly Morris, the teacher. And so, there's no way that that case gets brought back to a federal court ever. And so, under the case law that we cited in our response to the show cause order, there is finality for purposes of the federal court action at the district court level that vests this court with jurisdiction. And that's been upheld recently, even. And so, it's our position that with the stipulated dismissal of the respondeat superior claim that remained against the district, that this court has jurisdiction to proceed. Well, I'm looking at the cases that you cited in your briefs and everything, but those were distinguishable cases. For example, in one of the cases, the issues had already gone to arbitration and were concluded. So, there was no question about that the judgment there would be final. But I'm not sure I follow along with your argument that what happened in the state court couldn't be bootstrapped if we, you know, go with you and brought back into this litigation. So, I'm real concerned still about it. Well, Your Honor, I think the bootstrapping issue is one that, as I understood it, and the view is of what is left and whether or not the claims that had been dismissed can be brought back into federal court as the circumstances sit currently. And they can't. The only way that theoretically they could is if this court remands the case and reverses the summary judgment order from the district court. And I think there was a, you know, there was one case that we cited that talked about a conspiracy between the district court and the parties to vest this court with jurisdiction. And in that case, the district court kind of left the option to add those claims back in its order dismissing the claims below. We don't have that here. There is no leave or any sort of indication that Judge Russell would allow us to bring those claims back into this case on remand. And so, I think we have the now. Thank you, counsel. I'll let you go back to your other argument. Thank you, Your Honor. We've got that problem. We'll get there. Okay. So, we have the complaint that takes place at the end of the 2016-2017 school year about Mrs. Morris, the teacher who is in the severe profound room at Piedmont Middle School. And then we begin the next school year. And in early September, the paraprofessional, Ms. Caraballo, makes an admittedly vague report to the principal and says, hey, you know. Let me interrupt. So, the first report at the end of the prior school year was, everyone agrees, a vague report. And I think the district court's conclusion was that there wasn't enough meat in that complaint to put the district on notice to give them enough knowledge for them to be deliberately indifferent at that point. Do you agree that's what the district court concluded? Well, I think not technically because the report that happened at the end of the preceding school year was from a paraprofessional and we didn't learn about that until after the summary judgment briefing had occurred. And so, when the district court discussed the vague report, it was referring to Tanya Caraballo's report in early September that the district court said was too vague to put the school on notice. Okay. But for deliberate indifference, they've got to actually know it, right? Well, I think that's another issue that we have with the district court's ruling because the case law, as this court knows, includes constructive notice. And the ruling from the district court was that the school was not on notice until it had the more specific report from Tanya Caraballo in late September, early October. And so, I think it's a little unclear from the case law, you know, the case law says that a pattern of tortious conduct is good enough to get notice. But what the case law, I think, leaves open is when is that notice imputed to the school district when there is pattern of misconduct? And so, for Judge Russell, at the district court, he said not until Tanya Caraballo made her specific report, which I think is a requirement of actual notice and ignores constructive notice, even though the case law says that a school that has constructive notice is on notice for deliberate indifference purposes. And so, when you... Yes, Your Honor. What... Pointing to your constructive notice cases, because deliberate indifference is pretty clear that you have to be on notice and be aware of that and deliberately be indifferent to your actual knowledge of the circumstance. And the Judge Russell's order gives passing mention to the notice can be active or actual or constructive. The Barney versus Pulsiper case uses the term constructive notice and the more recent case of Waller versus City and County of Denver also uses the actual or constructive notice language. And by constructive notice, you mean a pattern of pattern? Well, and that's, Your Honor, it's a little unclear on what constructive notice means in these circumstances based on the case law. Oklahoma has a statute that defines constructive notice as being on actual notice of facts that give rise to a duty to inquire. And so, if we take that and apply it... Well, that's negligent standard, isn't it? Well, Your Honor, it's in a Oklahoma statute that just defines constructive notice. So it's not necessarily tied directly to negligence. But it's also not tied to what we're looking at, which is whether someone has violated the Eighth Amendment. Your Honor, it's the 14th Amendment here, but yes, it's not... I'm sorry, 14th, yeah. Yeah, it's not tied to federal case law for sure. It's an Oklahoma statute. But I think there are other federal cases that say constructive notice is notice when you had a duty to know it. And, you know, it's knowledge imputed by law. And so... I'm having a hard time reconciling that with the Supreme Court's description of reckless indifference or... Your Honor, I also had a hard time kind of meshing those two together. But I... Well, I mean, I don't think they can be. Well, I think the... Well, I think the... Well, I think the... I think the constructive notice element is more relevant to the fact that it's an entity. You know, how do you prove when an entity has knowledge of something? And so from our perspective... Let's talk about that. Okay. If the entity doesn't have notice just because some lower-level employee knows it, is that right? Well, I think... Do you think the fact that someone in that classroom saw this teacher abusing the kids, that gives... That's enough knowledge for deliberate indifference? I think under constitutional standards, probably not. I think under other standards, the knowledge of an agent is indicated. In that case, who else has knowledge here? Well, and so that's what we... And I think the constructive notice part is... I don't think schools get a pass for not doing their jobs just because we have a deliberate indifference standard. And so we have this pattern of notice of Linda White getting a call, the Director of Special Education. Okay, well, they do get a pass for negligence. Well, okay. And I'm building to it. Okay. If I can. I'm not making a negligence argument. Okay. I'll let you go. Okay. And so we've got this call that happens at the end of 2016-2017. And then we've got Tawny Caravallo, who makes a report to the principal, who I think is somebody who has notice. He's the district representative in the school. I think notice to the principal is notice to the district, and I don't think that's really disputed below. And then we have the call, again, Linda White is called a second time about this classroom in mid-September. And this is the call from Tawny Caravallo, who says, I don't know what to do. I went and talked to the principal. He's not doing anything. I don't know what to do. And so that is the second time Linda White, who is the Director of Special Education for Piedmont, gets notice that something's going on in this classroom. And the specific details of that phone call are not in the record. But I think when you draw the inferences in favor of the plaintiffs, like you're supposed to on summary judgment, when she tells Tawny Caravallo, you need to go make a more specific report to the principal, that she was also told of those specifics. Otherwise, why would she have told her to go make a specific report? They were noticing. They knew something was going on in that classroom. Yes. Don't they have to know there was a violation of federal law? Well, I think that the duty to inquire, and that's where this constructive notice part of the case law that's a little nebulous. If you think that there's something wrong, then you have a duty to inquire to see if that something wrong is a violation of federal law. I think the duty, and when we have a policy of failure to supervise and failure to train, yes, I think there's a duty on schools to inquire about what is going on in the classroom when multiple teachers are making compliance and reports. And so in this instance. Do you have any deliberate indifference cases that rely on a duty to inquire? Other than the general reference to constructive notice, no, your honor. Okay. I mean, I think you may have a valid argument under your state tort claims act claim that there was a duty to inquire because that encompasses negligence, and the breach of the duty to inquire, of course, is a negligence claim. Sure. But I think the Supreme Court made it clear that deliberate indifference does not include negligence. Yeah. And so then we go back to the district court saying that the school was on notice, there was a pattern of tortious conduct, the school was on notice after Tanya Caraballo's second report complaint to the principal. And that happened in early September, or I'm sorry, late September or early October. And then what we have in the record is a email from Mrs. Nation saying, my son's got a laceration on his head. What happened here? We have evidence of further injury in a classroom where he can't tell us what's going on. He's a nonverbal, severe and profound autistic child who cannot say she hit me. And so, but we've got this circumstantial evidence of him receiving an injury in middle October after they received notice. And then we have the evidence that was discussed below about the reports that came out after the hallway incident where one of the paraprofessionals in the room, Christian Rez, said that the aggression had been increasing towards Jayan in the preceding weeks up to the hallway incident. And we have the email from Mrs. Nation to the Piedmont Police Department during their investigation attaching pictures of a cut that Jayan suffered on his head in that same time period. She said it was right after Christmas break. And so we have this circumstantial evidence that if you draw the inferences in favor of the plaintiffs here, I think certainly creates back questions about what constitutional deprivations and violations occurred after the court says that the school is on notice. And so we have these issues of the constitutional deprivations that I think there are factual disputes on. We have the issues of supervision that I think there are factual disputes on. We've got the people in the room who are saying, no, they didn't help unless we called for help. But we've got the administration saying, no, no, no, we were down there four or five times a week and she just changed the way she was acting when we came in, which I think the inference that you have to draw from that is that she was looking around the corner every single day waiting for them to come down the hallway. And that's not an inference in our favor that should have gone in our favor at the summary judgment stage. What we have is factual disputes on the supervision, on the failure to train. It's established that there was a bullying policy that Piedmont had, but then there's no training on how to report bullying by teachers against students. If you have any questions, I'm happy to answer them. All right. Thank you, Your Honor. Thank you, Your Honor. Good morning, Your Honors. May it please the Court. Laura Holmes, representing Piedmont Public Schools today. And I'm pleased to advise the Court that the young man involved in this situation graduated high school on Sunday from Piedmont High School. I'm asking the Court today to affirm the trial court's decision both as to the motion for Judge Russell. As you all have questioned, with respect to Mr. Lane, Judge McHugh, you asked specifically regarding the report in 2016-17 as being too vague. And Judge Russell's order, which is found in the record at 823 on the last page, does conclude that the testimony was too vague to be sufficient notice at the end of the 16-17 school year. And that is clearly- Let me ask you this, wasn't it sufficient to require that, to trigger a duty to investigate further? You've got a paraprofessional who's in the class who says, I'm uncomfortable with the language used and the way the kids are being treated. I mean, even if it's not a deliberate indifference case, it seems to me you've got a claim under the State Torts Claim Act. Your Honor, I agree. This is a negligence case. It's always been a negligence case. And they've tried to elevate that negligence claim to be a federal deliberate indifference claim in violation of the 14th. So you would agree that the district court improperly dismissed the State Tort Claims Act? That wasn't- No. Not as the district court's negligent investigation claim that was dismissed by Judge Russell. He dismissed it finding that there was no causation. This court also has the ability to look at the other arguments which were submitted to the trial court involving the discretionary function exemption of the Tort Claims Act. That discretionary function exemption is almost identical to the federal tort claims exemption. Before getting to your discretionary function argument, if the first report from the paraprofessional was enough to trigger a duty to investigate and they were negligent and not investigating back then, we certainly have plenty of evidence of injuries to this child between then and when the claims were brought, right? There is- The district court's causation theory, ruling, is based on not looking until after the second report from Ms. Cobb, what's her name, a different person, Cabrera. Carballo. Right? Carballo. Yes. Cabrera. Yes. But this is not, the first complaint was almost a year early, right? It would only have been a few months earlier. By Kim Wagon. I don't remember that the name was identified. But the paraprofessional identified that in May of 2017 before school started in August of 17. Okay, so my point is that there's certainly evidence of injuries after that time. There is evidence of injuries after that time, but the issue about negligent investigation would still fall within the discretionary function exemption. And it's our position that that should have applied. But the district court didn't rule on this discretionary function. The district court did not rule on discretionary function. The district court ruled on the basis of causation. Which appears to be wrong. The court can certainly consider that, but then this court should consider the discretionary function exemption, which specifically would exempt the district from liability in that circumstance. Let me interrupt a moment to make sure I understand the procedural posture that affects our jurisdiction here. So the district court ruled in favor of defendant on the federal claim. Yes. Our general guidance to the district court is once you've taken care of the federal claims, just dismiss without prejudice all the state claims. But the judge here dismissed without prejudice the respondent superior claim under state law. Is that right? No, Your Honor. He did not rule in favor of the district on the respondent superior claim. Yeah, he dismissed without prejudice. Plaintiffs dismissed without prejudice. The plaintiffs did on their own? Yes. It's a joint, actually, dismissal. The parties agreed to dismiss those without prejudice. Yes. Was that after the summary judgment? After the summary judgment. Just a few days after. But there remained the negligence claim under the State Tort Claims Act. Is that right? No, Your Honor. Upon filing of the joint dismissal, we understood there were no remaining claims to be tried. We were on the trial document. Okay. So when the district court ruled in your favor on the federal claim, it also ruled in your favor on the State Tort Claims Act claim. Is that correct? It ruled in favor of the district on the negligent investigation claim due to a lack of causation. The claim about . . . Was that the only state law claim that the judge ruled on? Only state law claim against my client. There was also a motion for summary judgment by the co-defendant, Holly Morris, as to intentional infliction of emotional distress, and that was granted. It still left an assault and battery claim against Ms. Morris and a basic negligence claim, a theory of respondent superior, against the district. Solely state law claims in both cases. Those two claims were dismissed without prejudice with the agreement of both parties? Yes, Your Honor. Okay. Thank you. With respect to the deliberate indifference claim, I do want to point out to the court, it appears, based on the nation's statement in their reply brief on page one, that they are no longer arguing that the district failed to train Holly Morris. They indicate that the issues are that the district failed to supervise Ms. Morris and failed to train its other staff to recognize and report teacher-on-student abuse. Those appear to be the only issues now pending in this appeal. I'm sorry. In the cases that were dismissed without prejudice, were those then filed in state court? Are they pending in state court? There are no pending cases currently, Your Honor. Were they filed in state court? They were originally filed in state court, but there is no order to remand in this case. Okay. I would point out for the court, Oklahoma has a tolling statute, which allows for cases, claims that are dismissed, to be refiled within one year. So that has not yet occurred. I believe that the joint dismissal without prejudice, which followed the court's order, is dated somewhere late part of July, so they would have until then. So why are we so comfortable that those claims can't be reinstituted in federal court? Well, I guess I'm comfortable because I'd like you to rule in my favor and my client's favor and affirm so there would be no federal case still pending. No, I mean on the state law claims. We're not assured that they could not refile those claims. In federal court? In state court. I don't know that they could refile them in federal court because they don't have any federal claims. There would be no supplemental jurisdiction. I see what you're saying. Okay. So you're saying they cannot be removed again? Your Honor, it is possible. Lots of ifs. If this court were to overrule Judge Russell's decision, the case goes back and those federal claims still exist. And that is done within the time frame that they have the ability to bring those state law claims again. Yes, it is a possibility. In the Amazon case, didn't we focus on the circumstances as they exist at the time the appeal was filed? I believe that's correct, Your Honor. So if they can't be brought again in federal court under the present circumstances, then it's not an impediment to our jurisdiction, correct? Correct. Okay. Let me turn you to the evidence that the Nations point out scarring to J.N.'s forehead from scratches that occurred not long after Christmas break 2017. Do you remember that evidence? Yes, Your Honor. That was brought up in the motion to reconsider. Okay. And in the second report that the district court recognized as definitely putting everyone on notice where it had very detailed report was late September, early October of 2017. And excuse me, I'm recovering from COVID, which is why my voice is so bad. But don't we have a problem with the ruling on causation where we have evidence of injuries to J.N. that are after the time that the district court says, yeah, this was enough to put everyone on actual notice that this woman was abusing her students? Your Honor, first of all, as Judge Russell correctly noted, there is nothing in that email from Miss Nation to the Piedmont Police Department which indicates who caused that injury. Autistic students, it's not unusual for a student this severe that they will scratch, bite, and pick at their own skin. So we don't know if that is something that the student particularly caused or if somebody else caused it. And whether that was caused by Miss Morris or some other employee of the district or in some other situation. I think that the district court correctly ruled that there is just simply no evidence of this sort of deliberate indifference. And additionally, the question also becomes whether that right is still constitutional. Let me interrupt you on that point first. We've got a student who's nonverbal and we now have reports that this teacher is hitting him. Wouldn't it be appropriate at that point on a summary judgment to take the inference in favor of the Nations that the causation was by the teacher? As opposed to inferring that it wasn't. I mean, isn't that a jury issue at that point? I think that if you look at the cases about deliberate indifference in these situations under failure to train and failure to supervise as the court has routinely held, those are the most tenuous of cases under Section 1993 to impose municipal liability. And as plaintiffs, the Nations assert, they asked this court to impose special factors to give different, to relax the deliberate indifference standard in cases involving nonverbal special education students. Relaxing the deliberate indifference standard in this case or any future case is a substantive change to the holdings of Monell and the limitation of imposing municipal liability for those sorts of actions under Section 1983. To allow that relaxation in this particular case would change the substantive law. And I don't think that that's what this court should do in this situation. Whether the student is nonverbal versus a student who's unable to see or hear should make no difference to the deliberate indifference standard. In addition, as we've noted, there are a number of laws that protect the needs of special education students. With respect to the email to the Piedmont Police Department and the determination that it was not able to determine at that point in time, I also think it's important to ask the question, even though as the district we did not raise the issue of whether the allegations of physical injury to the student were in fact violations of his substantive due process rights. This court's holdings in a number of different cases have indicated that the injury has to rise to a level that's a constitutional violation. These scratches that he incurred sometime after Christmas break, according to the parent, would not seem to rise to that level. And I would point the court to, I believe it's Garcia, by Garcia versus Mira, where a student is paddled, hung upside down by her ankles, paddled until she bleeds through her clothing, and that does rise to the level. But then another case out of this district held that a teacher who had a student clean out a toilet with his bare hands was not a constitutional violation of his 14th Amendment rights. So looking at that, there's nothing to indicate these scratches would rise to that level of a constitutional violation. To the extent that the court asked the question about schools don't get a pass, we agree, schools don't get a pass. There are basic negligence claims that can be brought, but those negligence claims don't rise to the level of a federal claim in this case. I would also point the court, with respect to the leave to amend, Judge Russell clearly considered the timing of this case. He made no determination about futility, so it is solely an abuse of discretion as far as the standard of review and appeal. And with respect to that, Judge Russell noted correctly the case had been pending for almost two years, over two years, before they asked for leave to amend. And that would have been, really, would have, as he noted, start the case over to allow these new claims to come in at that point in time, as we were finishing up discovery and preparing in this case. If the court has no further questions, I'll rest. Thank you. Thank you, counsel. Case is submitted.